IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROBERT DRAKEFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 3:03cv1201-WHA |
| | ) (WO) |
| ALABAMA COOPERATIVE EXTENSION | ) |
| SYSTEM, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on the Plaintiff's Motion for Rehearing (Doc. #118), filed on Feb 21, 2006. The Plaintiff, Dr. Robert Drakeford, originally filed a complaint in federal court in December 2003, which he amended in June 2004. Dr. Drakeford sued his employer the Alabama Cooperative Extension System along with Dr. William Walker, and Dr. Gaines Smith (hereinafter collectively "ACES"). Specifically, Dr. Drakeford brought claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended by the Civil Rights Act of 1991, for discrimination on the basis of race and retaliation, and for deprivation of equal protection rights pursuant to 42 U.S.C. §§ 1983 and 1981.

On February 6, 2006, this court granted ACES' motion for Summary Judgment on all claims (Doc. #111) and entered an order for Final Judgment (Doc. #112) to that effect. Dr. Drakeford has now filed this motion, which the court construes as a Motion to Reconsider, and contends that the recent Supreme Court ruling in Ash v. Tyson Foods, Inc., __ U.S. __, 126 S.Ct.

1

1195, WL 386343 (2006) warrants a reevaluation of the previous determination of summary judgment. After a thorough review, applying Ash v. Tyson, the court has determined that the decision to grant summary judgment on all claims in favor of ACES was not in error.

As set forth below, the court upholds its previous order, GRANTING Defendant ACES' Motion for Summary Judgment.

## II.  FACTS

The court does not need to rehash all of the facts which underlie Dr. Drakeford's initial complaint.[1] In summary, Dr. Drakeford, an African-American male, applied for two senior level positions within ACES and did not receive either. He first responded to an opening for the Associate Director, Rural and Traditional Programs (ADRTP) and was not selected. He next applied for the position of Assistant Director, 4-H and Youth Development (AD4-H) and also was not selected. The ADRTP position was filled by Dr. Samuel Fowler, a white male. The AD4-H position was filled by Dr. Lamar Nichols, another white male. In the hiring process for both jobs, Dr. Drakeford alleges that he was discriminated against on the basis of race.

## III.  DISCUSSION

In its Motion for Summary Judgment, ACES argued that it had legitimate, non-discriminatory reasons for hiring Drs. Fowler and Nichols instead of Dr. Drakeford. For instance, regarding both positions in question ACES contends that the person selected, either Dr. Fowler or Dr. Nichols, was better qualified than Dr. Drakeford. Dr. Drakeford argues that these reasons were mere pretext to cover up ACES' true discriminatory intent. As proof of pretext, Dr.

---

[1] For a detailed recitation of facts see the Memorandum Opinion granting ACES' Motion for Summary Judgment. Drakeford v. Alabama Cooperative Extension System, No. 3:03-CV-1201-WHA, 2006 WL 300625, at *2 (M.D. Ala. Feb. 6, 2006).

Drakeford argued that he was more qualified than Drs. Fowler and Nichols. In analyzing the relative qualifications of the candidates for both positions, this court determined that Dr. Drakeford failed to meet his burden in proving pretext on the part of ACES. In doing so, the court cited an expression of the then applicable Eleventh Circuit standard, which stated that it is possible to establish pretext through comparative qualifications only when "the disparity in qualifications is so apparent as to virtually jump off the page and slap you in the face." Lee v. GTE Florida, Inc., 226 F.3d 1249, 1253 (11th Cir. 2000) (quoting Deines v. Tex. Dep't of Protective and Regulatory Servs., 164 F.3d 277, 280 (5th Cir. 1999)); see also Cooper v. Southern Co., 390 F.3d 695, 732 (11th Cir. 2004); Cofield v. Goldkist, Inc., 267 F.3d 1264, 1268 (11th Cir. 2001).

### A. The impact of the Ash decision

In Ash v. Tyson, the Supreme Court evaluated the Eleventh Circuit's standard in discrimination cases where a plaintiff is attempting to demonstrate pretext by comparing relative qualifications for a particular job. Ash, 126 S.Ct. at 1197. The Court found fault stating, "[t]he visual image of words jumping off the page to slap you (presumably a court) in the face is unhelpful and imprecise as an elaboration of the standard inferring pretext from superior qualifications." Id. The Court was clear that it was not attempting to "define more precisely what standard should govern pretext claims based on superior qualifications," rather the Court instructed the Eleventh Circuit to use "some formulation other than the [slap you in the face test]" in order to "better ensure that trial courts reach consistent results." Id. at 1198. The Court did favorably note examples of more acceptable language, including language from an Eleventh Circuit case:

> Federal courts, including the Court of Appeals for the Eleventh Circuit...have articulated various other standards, see e.g., Cooper, supra, at 732 (noting that "disparities in qualifications must be of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question."(internal quotation marks omitted)); Raad v. Fairbanks North Star Borough School Dist., 323 F.3d 1185, 1194 (9th Cir. 2003) (holding that qualifications evidence standing alone may establish pretext where the plaintiff's qualifications are "clearly superior" to those of the selected job applicant); Aka v. Washington Hospital Center, 156 F.3d 1284, 1294 (D.C. Cir. 1998) (en banc) (concluding the factfinder may infer pretext if "a reasonable employer would have found the plaintiff significantly better qualified for the job.")....

Id. at 1197-98. Clearly, the common theme among the examples cited by the Court is that for the plaintiff to establish pretext, he or she must have qualifications that substantially outweigh or are clearly superior to those of the successful applicant.

The Supreme Court's rejection of the "slap you in the face" standard is really an issue of language and clarity, rather than a substantive change to the legal threshold required to prove pretext. Indeed, the Eleventh Circuit language cited favorably in Cooper, 390 F.3d at 732, by the Court was initially used in the Fifth Circuit (where the "slap you in the face" language originated) in an attempt to explain and clarify the "slap you in the face" language used by it in Odom v. Frank, 3 F.3d 839, 847 (5th Cir. 1993) and other cases. In the Deines case, the Fifth Circuit said:

> The phrase "jump off the page and slap [you] in the face" is simply a colloquial expression that we have utilized to bring some degree of understanding of the level of disparity in qualifications required to create an inference of intentional discrimination. In its essence, the phrase should be understood to mean that disparities in qualifications must be of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.

Dienes, 164 F.3d at 280-81.

Several other Eleventh Circuit cases have picked up on this alternative description of the standard and used it when discussing relative qualifications and pretext. Cofield, 267 F.3d at 1268; Wilson v. B/E Aerospace, 367 F.3d 1079, 1090 (11th Cir. 2004); Alexander v. Fulton Co. Ga., 207 F.3d 1303, 1340 (11th Cir. 2000).

Dr. Drakeford argues that Ash v. Tyson requires this court to adopt a standard that allows a plaintiff to show pretext by proof that he is simply "better qualified" than the person actually hired. The court rejects Dr. Drakeford's argument as a misreading of Ash v. Tyson. As discussed above, in rejecting the "slap you in the face" language commonly used throughout the Eleventh Circuit, the Court also accepted the alternative language often used to explain the "slap you in the face" standard. The purpose of Ash v. Tyson was to encourage use of clearer, less colloquial language to describe the standard, not a mandate to establish a new, lesser standard.

Thus, when dealing with discrimination cases where the plaintiff attempts to show pretext through a comparison of qualifications, this court will abandon the "slap you in the face" language, but not the legal standard it describes. In Ash v. Tyson, the Supreme Court endorsed language already used within the Eleventh Circuit and that language is easily applied to this case. In order to prevail on reconsideration, Dr. Drakeford must show that the "disparity in qualifications" between him and Drs. Fowler and Nichols, respectively, is "of such weight and significance that no reasonable person, in the exercise of impartial judgment," could have chosen Dr. Fowler or Dr. Nichols over Dr. Drakeford for the positions in question. Ash, 126 S.Ct. at 1197 (citing Cooper, 390 F.3d at 732)). While the language has changed, Dr. Drakeford's qualifications have not, and he is still unable to meet the burden required to find pretext. His evidence falls far short of showing disparities in qualifications of such weight and significance

that no reasonable person, in the exercise of impartial judgment, could have chosen Dr. Nichols or Dr. Fowler over him.

## IV.  CONCLUSION

For the reasons discussed above, the court does not find that its previous order granting summary judgment for ACES to be incorrect.  In Ash v. Tyson, the Supreme Court did not overrule the substantive legal standard that requires Dr. Drakeford to show that he was significantly more qualified for positions that were awarded to Drs. Nichols and Fowler.  Dr. Drakeford is unable to meet this burden; therefore, upon reconsideration the court upholds its previous order GRANTING ACES' Motion for Summary Judgment.

DONE this 6th day of April, 2006.

 /s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE